IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-08183-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hobart Lewis, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On November 14, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice, without issuance and service of process, and without leave to amend. ECF No. 12. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections and a supplement. ECF Nos. 14, 16.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  Plaintiff's objections and the supplement are mostly comprised of allegations against the undersigned and Magistrate Judge McDonald.  Nevertheless, because Plaintiff filed objections, the Court's review has been de novo.

To the extent Plaintiff requests that this Court interfere in his currently pending criminal charges, abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971).  Here, Plaintiff's criminal case is ongoing, the state has a strong interest in administering its criminal justice system without federal interference, and Plaintiff has an opportunity to assert his claims in the state court proceedings.  See *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiff has also failed to state a plausible claim upon which relief can be granted. As noted by the Magistrate Judge, his allegations are conclusory and vague. Further, most of Plaintiff's claims do not allege any personal wrongdoing by Defendant. Plaintiff also fails to state a constitutional violation with respect to his assertion that his privacy was invaded by the posting of his mugshot. Accordingly, this action is subject to summary dismissal. Further, Plaintiff's bond claim is subject to dismissal as set out by the Magistrate Judge. Finally, the Court agrees with the Magistrate Judge that Plaintiff's allegations are subject to dismissal as frivolous.[1]

## **CONCLUSION**

Accordingly, the Court agrees with the Report of the Magistrate Judge. This action is **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend.

---

[1] To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

      Plaintiff has established himself as a frequent filer in this Court.  Therefore, any further filings in this case will be reviewed but will not receive a response unless one is deemed necessary by the undersigned or Magistrate Judge McDonald.

      IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

February 19, 2026  
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.